UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CR-60035-RLR

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ELIZABETH BARRIOS,

     Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO REOPEN DETENTION HEARING

This cause is before the Court on Defendant Elizabeth Barrios's Motion to Reopen the Detention Hearing in this case. [ECF No. 13]. The Court has reviewed the Motion, the Government's Opposition [ECF. No. 16], the documents submitted in support of the parties' filings, the pertinent portions of the record, and all relevant authorities. For the reasons addressed below, it is **ORDERED** that the Motion [ECF No. 13] be **DENIED**.

## BACKGROUND

Ms. Barrios was charged with one count of Failure to Appear in violation of 18 U.S.C. § 3146(a)(1) after fleeing the country two weeks before trial for charges stemming from a 2007 fraud case. [ECF Nos. 1 at 4; 13 at 1; 16 at 2].[1] On March 6, 2024, the Court held a detention hearing pursuant to 18 U.S.C. § 3142(f) and entered an Order of Detention thereafter. [ECF No. 11]. While the decision to detain the Defendant was in part based on Defendant's inability to provide evidence to support her claim that she voluntarily surrendered, the Undersigned also relied on the

_____

[1] Ms. Barrios has since been dismissed from that case. *See* Order of Dismissal, *United States v. Elizabeth Barrios*, No. 07-CR-60171-RLR (S.D. Fla. March 11, 2024), ECF No. 292.

Defendant's prior history, including her criminal history involving fraud, a conviction for illegal use of a credit card, and uttering a forged signature. [ECF No. 11 at 3]. Therefore, after weighing the evidence presented by the parties, the Undersigned found by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Defendant's appearance. [*Id.*].

On March 8, 2024, Defendant's counsel received a Customs and Border Protection ("CBP") report that shows that Defendant self-surrendered at the U.S.-Mexico border. [ECF No. 13-1 at 4]. Specifically, the report states that she "provided her full name and advised [the] primary officer she had an outstanding warrant from the US. Marshals" and that she "provided a print out stating she was wanted." [*Id.* at 4]. Thus, Defendant seeks to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f) based on this newly discovered evidence. Specifically, she requests a personal surety bond, cosigned by her sister, Tricia Cantillo. [ECF No. 13 at 9]. The bond would include GPS monitoring with house arrest and check-ins with probation at the Court's discretion. [*Id.*]. The Government opposes Defendant's Motion and requests that Defendant continue to be held in detention pending trial. [ECF No. 16].

## **LEGAL STANDARD**

Under 18 U.S.C. § 3142(f), a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

"Courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing" or is not material. *United States v. Ward*, 63 F. Supp. 2d 1203, 1206-07 (C.D. Cal. 1999). Further, even if the defendant submits new information that is material, the statute's "use of the word 'may' indicates discretion on the part of the district court. Thus, there is no requirement to reopen a detention hearing . . .." *United States v. Smith*, 337 F.R.D. 366, 368 (N.D. Fla. 2020) (quoting *United States v. Watson*, 475 F. App'x 598, 601 (6th Cir. 2012)).

## DISCUSSION

After considering all the evidence presented at the detention hearing, the arguments made in the parties briefing, the CBP report, and the factors listed in 18 U.S.C. § 3142(g), the Court again finds that the United States has shown that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required.

According to Defendant, the CBP report evidences that she "chose to surrender to the United States Marshal service to resolve these charges[,]" showing "unequivocally that she has no intention to flee." [ECF No. 13 at 6–7]. But the record reflects otherwise. Her decision to surrender was motivated by the birth of her first grandchild and her wish to "participate in the lives of her children and grandchildren." [Detention Hearing Transcript 18:18–21]. And even if she also wished to "face the consequences of her action[s,]" this does not tip the scale in favor of reopening the detention hearing and ordering Defendant's requested relief. [*Id.*].

First, the Court has an obligation to weigh the factors outlined in 18 U.S.C. § 3142(g), which includes the nature of the offense, the weight of the evidence against Defendant, and her history and characteristics. The Government argues that the charge of Failure to Appear is a "serious offense" and that "[o]ur system of criminal justice is premised upon a system of due

process where individuals who have been charged with crimes appear in Court to answer to the charges at the time of arrest." [ECF No. 16 at 2]. The Court agrees. Second, the evidence against Defendant is overwhelming and her history of absconding and evading arrest for a total of 17 years are factors that weigh heavily against release. These factors indicate that no condition will reasonably assure her appearance. *See* 18 U.S.C. § 3142(g)(2)–(3). Other than the charges underlying the Failure to Appear violation that have since been dismissed, Defendant has a criminal history involving fraud and identity theft. [ECF No. 11 at 3]. In sum, while the Defendant presents new evidence, the likelihood that Defendant will flee again remains high. Thus, the Defendant should remain in detention pending trial on the Failure to Appear charge.

## CONCLUSION

Based on the foregoing, the Court orders that Defendant Elizabeth Barrios' Motion to Reopen the Detention Hearing [ECF No. 13] be **DENIED.**

**SIGNED** this 22nd day of March, 2024.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:    **U.S. District Judge Robin L. Rosenberg**; and
       **All Counsel of Record**